■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW REEVES, Appellant. [682 NYS2d 850] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered on or about July 2, 1997, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TORRES, Appellant. [685 NYS2d 7] —Judgment, Supreme Court, Bronx County (Joseph Cohen, J.), rendered May 8, 1995, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Upon review of the minutes of defendant's plea, we find that there was no mention of a Queens County violation of probation matter until the very end of the plea proceeding, and that defendant had already agreed to plead guilty in exchange for the agreed upon sentence without any reference to the Queens matter. Not only was there no promise with regard to the Queens matter, the Queens case was never transferred to Bronx Supreme Court and thus could not be covered by the Bronx sentence. We perceive no abuse of sentencing discretion, and find no support in the record for defendant's suggestion that the court would have imposed a lesser sentence had it known that the Queens violation of probation could not be covered. We have reviewed and rejected the claims made by defendant in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.